IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEROME HENDERSON,

        **Petitioner,**

    **v.**                           **Case No.  2:11-cv-119**
                                    **JUDGE MICHAEL H. WATSON**
**JOHN KASICH, et al.,**              **Magistrate Judge Mark R. Abel**

        **Respondent.**

## REPORT AND RECOMMENDATION TO TRANSFER SUCCESSIVE PETITION

Petitioner, a prisoner sentenced to death by the State of Ohio, filed the instant complaint, styled as a "civil rights" complaint.  Petitioner alleges against multiple respondents purposeful discrimination in providing him with constitutionally deficient representation and seeks equitable, injunctive, and declaratory relief, as well as monetary damages.  Because the instant complaint appears to sound in habeas corpus, despite Petitioner styling it as a civil rights action, the Magistrate Judge **RECOMMENDS** that the Court **TRANSFER** the instant action to the United States Court of Appeals for the Sixth Circuit as a successive petition.

When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).  A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside.  *Heck*, 512 U.S. at 487.

Here, the instant petition, styled as an civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleges a race-based conspiracy to provide Petitioner with constitutionally

deficient representation and investigation during his aggravated murder trial and subsequent

appeals, postconviction proceedings, and federal habeas corpus proceedings.  In so alleging, the

instant petition appears to be another successive petition in which Petitioner urges the Court to

grant him relief that would necessarily undermine his conviction and death sentence.  That

means that Petitioner's sole federal remedy is habeas corpus.  And Petitioner has already pursued

that remedy.

Under 28 U.S.C. § 2244(b)(3)(A), before an applicant can file a second or successive

petition for a writ of habeas corpus in the district court, the applicant must move in the

appropriate circuit court fo appeals for an order authorizing the district court to consider the

application.  Absent such an order, a district court does not have jurisdiction to entertain a

successive habeas corpus petition.  Where, as here, it appears that the applicant has not obtained

such an order, a district court must transfer the matter to the appropriate circuit court.  *In re Sims*,

111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).  Under 28 U.S.C. § 2244(b)(3)(A), only a circuit

court of appeals can authorize the filing of a successive habeas corpus petition.

That being the case, this Court is without jurisdiction to entertain a second or successive

habeas corpus petition unless authorized by the Sixth Circuit.  It does not appear that Petitioner

has obtained such authorization.  The Sixth Circuit, in turn, will issue this authorization only if

Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted

relies on a new rule of constitutional law made retroactive by the United States Supreme Court to

cases on collateral review; or that the factual predicate for the claim could not have been

discovered previously through the exercise of due diligence, and these facts, if proven, would

establish by clear and convincing evidence that, but for the constitutional error, no reasonable

factfinder would have found the applicant guilty or sentenced him to death.  28 U.S.C. §

2244(b)(2).

        The Sixth Circuit described the appropriate procedure for handling second or successive

habeas corpus petitions filed in a district court without § 2244(b)(3)(A) authorization in *In re*

*Sims* as follows:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court,
> or when a second or successive petition for habeas corpus relief or §2255 motion
> is filed in the district court without §2244(b)(3) authorization from this court, the
> district court shall transfer the document to this court pursuant to 28 U.S.C. §
> 1631.

*In re Sims*, 111 F.3d at 47.

        For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Court

**TRANSFER** the instant petition to the Court of Appeals for the Sixth Circuit pursuant to 28

U.S.C. § 2244(b)(3)(A).

        If any party objects to this Report and Recommendation, that party may, within ten (10)

days of the date of this report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may

recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

        The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S.

140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


s/Mark R. Abel
United States Magistrate Judge