IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerome Henderson,

    Petitioner,

v.                               Case No. 2:11-cv-119

John Kasich, et al.,               Judge Michael H. Watson

    Respondent.               Magistrate Judge Mark R. Abel

## ORDER ADOPTING REPORT AND RECOMMENDATION

    Petitioner, a prisoner sentenced to death by the State of Ohio, filed the instant complaint, styled as a civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner alleges against multiple respondents purposeful discrimination in providing him with constitutionally deficient representation and seeks equitable, injunctive, and declaratory relief, as well as monetary damages. Finding that the complaint appeared to sound in habeas corpus, despite Petitioner styling it as a civil rights action, the Magistrate Judge recommended that the Court transfer the instant action to the United States Court of Appeals for the Sixth Circuit as a successive petition. (ECF No. 2.) This matter is before the Court upon Petitioner's objections to the Report and Recommendation. (ECF No. 4.) Also before the Court is Petitioner's motion to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court **ADOPTS** the Report and Recommendation and **TRANSFERS** this case to the Sixth Circuit as an unauthorized successive petition.

    The Magistrate Judge concluded that the instant petition, alleging a race-based conspiracy to provide Petitioner with constitutionally ineffective assistance of counsel, essentially challenges the validity of Petitioner's 1985 convictions and death sentence rendered in Hamilton County. Concluding that the petition appeared to be a successive petition urging the Court to grant relief that would implicate the validity of the criminal judgment against him, the Magistrate Judge recommended transferring the petition to

the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Petitioner filed objections on March 24, 2011. (ECF No. 4.)

This Court reviews *de novo* those portions of the Report and Recommendations to which the parties objected. See, e.g., *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). In that regard, Fed. R. Civ. P. 72(b)(3) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Further, although "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings," *Thomas v. Arn*, 474 U.S. 140, 150 (1985), this Court has reviewed the Report and Recommendation *de novo*. See, e.g., *Delgado v. Brown*, 782 F.2d 79, 82 (7th Cir. 1986).

Although Petitioner's objections total eighteen pages, beyond purporting to raise seven objections to the Report and Recommendation, Petitioner does not appear to make any substantive objections to the Report and Recommendation for this Court to address. Rather, he appears to essentially reiterate the arguments that he set forth in his original application, and which is wholly insufficient to justify overruling any part of the Magistrate Judge's Report and Recommendation. See, e.g., *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading the 'objections' would know what Howard thought the magistrate had done wrong.").

2

The closest that Petitioner appears to come to making a specific objection to the Magistrate Judge's recommendation that this case be transferred to the Sixth Circuit as an unauthorized successive petition is attempting to demonstrate that he is challenging herein not the validity of the death sentence against him but the manner in which the State of Ohio intends to carry out the death sentence against him. (ECF No. 4, at 9–11.) In so arguing, Petitioner borrows reasoning from cases in which death row inmates sought to challenge the constitutionality of a state's execution protocol. To the extent that Petitioner is making this argument, his argument fails.

It is well-settled in the Sixth Circuit that the § 2244 provisions governing second or successive petitions apply regardless of what statutory label the petitioner gives his case. *Rittenberry v. Morgan*, 468 F.3d 331, 336–38 (6th Cir. 2006); *Byrd v. Bagley*, 37 Fed. App'x 94, 95 (6th Cir. 2002); *Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001). That being so, Petitioner cannot avoid the § 2244 provisions governing second or successive petitions by contriving to style his case as one challenging the constitutionality of the manner in which the state intends to carry out the valid criminal judgment against him rather than one challenging the validity of that criminal judgment. The essence of Petitioner's argument is that a race-based conspiracy to provide him with constitutionally deficient representation and investigation during his aggravated murder trial and subsequent appeals, postconviction proceedings, and federal habeas corpus proceedings deprived him of due process and equal protections rights. Although he asserts that all he seeks is access to the courts, scrutiny of his complaint and objections reveals that any ruling in his favor necessarily would implicate the validity of the criminal judgment against him. That being so, his complaint necessarily sounds in habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As such, it constitutes an unauthorized second or successive habeas corpus petition over which this Court does not possess jurisdiction.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 4), **ADOPTS** the Magistrate Judge's Report and Recommendation, and **HEREBY TRANSFERS** the instant petition, as well as Petitioner's motion to proceed *in forma pauperis* (ECF No. 1), to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court